UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAX E. ROBERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>HENDERSON POLICE DEPARTMENT,<br><br>    Defendant. | CASE No: 2:22-cv-00541-JAD-EJY |

      Pending before the court is Defendant Henderson Police Department's Motion to Stay Discovery. ECF No. 14. The court has considered Defendant's Motion, Plaintiff's Response, and Defendant's Reply.

**I.    Background**

      Plaintiff's Complaint asserts civil rights violations against Defendant arising from Plaintiff's encounters with Henderson police officers in or around April 2020. On April 6, 2022, Defendant filed a Motion to Dismiss. ECF No. 4. Defendant argues dismissal is proper because Plaintiff fails to allege sufficient facts to state a claim under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). The decision in *Monell* establishes the basis upon which liability may be found against a municipality for constitutional violations. *Id*. Plaintiff responds to Defendant's Motion reiterating his allegations very succinctly. ECF No. 10. Plaintiff has not sought leave to file an amended complaint.

**II.    Discussion**

      Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this

1

reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

When reviewing the merits of a motion to dismiss, the Court adopts a standard that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. Further, motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). For this reason, courts in the U.S. District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554).

After taking a preliminary peek at the pending Motion to Dismiss, the Response, and the Reply, the Court finds Defendant's Motion will likely be granted (albeit Plaintiff is likely to be given an opportunity to amend). The standard established for pleading a claim in federal court requires more than labels and conclusions or a formulaic recitation of the elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that lacks a "plausible claim for relief" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 679 (internal citation omitted). If the facts alleged "do no permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown[n] – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Moreover, Fed. R. Civ. P. 8 "does

not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (internal quote marks and citation omitted).  A pleading is plausible only where the court may draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (internal citation omitted)  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quote marks and citation omitted).

Here, Plaintiff's Complaint is two sentences long and alleges Defendant violated the Fifth Amendment by forcefully interrogating him without providing *Miranda* warnings.  Plaintiff does not identify the individuals who allegedly engaged in this conduct or any other details about the alleged interrogation.  Indeed, Plaintiff's allegations are wholly insufficient to support the conclusion that he suffered a "forced" interrogation or that the Henderson Police Department should be held liable for such conduct under *Monell*.  In sum, after review, the Court is convinced that, as presently pleaded, Plaintiff's Complaint will be dismissed. Conducting discovery on the bare allegations made will not effectuate the goals of Rule 1 of the Federal Rules of Civil Procedure.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Discovery (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that if Defendant is successful on its Motion to Dismiss, but Plaintiff is granted leave to amend and Plaintiff does so, the parties must file either a discovery plan and scheduling order or, if Defendant intends to file a second motion to dismiss, a status report so stating.  In either case the filing must occur no later than ten (10) day after the date on which Plaintiff files his amended complaint.

Dated this 17th day of August, 2022.

                                                                       _____
                                                                       ELAYNA J. YOUCHAH
                                                                       UNITED STATES MAGISTRATE JUDGE