UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Max E. Roberson, | Case No.: 2:22-cv-00541-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss with Leave to Amend by October 7, 2022** |
| Henderson Police Department, | [ECF No. 4] |
| Defendant | |

Pro se plaintiff Max Roberson sued the Henderson Police Department in state court for wrongful arrest. The department removed the case to federal court and now moves to dismiss Roberson's complaint for failure to state a claim. Roberson opposes the motion and submits a supplemental brief containing additional allegations, various records, and photographs. Because Roberson's complaint fails to state a claim for relief, I grant the defendant's motion to dismiss. But because Roberson is a pro se litigant and I am not yet convinced that he cannot plead a plausible claim, I do so with leave to amend by October 7, 2022.

**Discussion**

**I.     Motion to Dismiss Standard**

Federal pleading standards require a plaintiff to include in his complaint enough factual detail to "state a claim to relief that is plausible on its face."[1] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[2] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

under *some* viable legal theory."[3]  A complaint that fails to meet this standard must be dismissed.[4]

But federal courts must also interpret all pleadings "so as to do justice,"[5] and the Supreme Court has consistently held that pro se pleadings like Roberson's are "to be liberally construed."[6] A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim [that] would entitle [them] to relief."[7]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[8]

**II.     Roberson fails to state a claim for relief.**

In Roberson's one-page complaint, he states that he was wrongfully arrested, "force[fully] interrogated," and held in custody for 58 days for "something [he] didn't do."[9]  I liberally construe his allegations as claims under 42 U.S.C. § 1983 for violations of his constitutional rights.  To state a § 1983 claim, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the

---

[3] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[4] *Twombly*, 550 U.S. at 570.

[5] Fed. R. Civ. P. 8(e).

[6] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

[7] *Id.* (cleaned up).

[8] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[9] ECF No. 1 at 5 (Roberson's state-court complaint).

alleged violation was committed by a person acting under color of state law.[10]  I construe Roberson's allegations about his wrongful arrest and unlawful detention as Fourth Amendment claims.

      To state a claim for wrongful arrest under the Fourth Amendment, Roberson must allege facts showing that he was arrested without probable cause.[11]  To state a claim for unlawful detention, Roberson would need to allege facts showing that he was detained without due process—in other words, that the police department did not perform a prompt judicial determination of probable cause within 48 hours of his arrest.[12]  Probable cause only requires a "fair probability" that a crime occurred.[13]  Roberson's complaint states only that unnamed police officers "just put [him] in the car with [no][] explanation" and "with [no][] reason of arrest" and held him "in custody for 58 days."[14]  Because Roberson does not identify the officials involved or provide details about the circumstances of his arrest, he has failed to supply sufficient factual allegations for a wrongful-arrest claim.  And because Roberson similarly failed to provide any facts about the circumstances of his detention other than its length, he has failed to state an unlawful-detention claim.  But because Roberson may be able to provide additional facts to state those claims, I grant him leave to amend.[15]

---

[10] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[11] *See Ker v. California,* 374 U.S. 23, 34–35 (1963).

[12] *See Gernstein v. Pugh*, 420 U.S. 103, 114 (1975) (explaining that the Fourth Amendment requires a "judicial determination of probable cause as a prerequisite to an extended restraint of liberty following arrest"); *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (noting that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*").

[13] *See United States v. Alaimalo,* 313 F.3d 1188 (9th Cir. 2005).

[14] ECF No. 1 at 5.

[15] Roberson provides supplementary facts, records, and photographs in his "opposition proposal discovery statement of material facts" to support his Fourth Amendment claims.  ECF No. 11.

Roberson also appears to raise a claim for a violation of his Fifth Amendment right against self-incrimination, stating that "they never read [him his] Miranda right[s]" and he "was force[fully] interrogated [f]or something [he] didn't do[.]"[16] He also alleges that he was not convicted of a crime and his charges were dismissed.[17] The Fifth Amendment recognizes a defendant's right not to "be compelled in any criminal case to be a witness against himself."[18] Because Roberson does not allege that any statements he made while in custody were used in a subsequent criminal case and states that his charges were dismissed, he has not stated a Fifth Amendment claim. So, to the extent that he intended to plead such a claim, I dismiss it. If Roberson can allege facts to show that he was charged and convicted following a compelled interrogation, he also may amend his complaint to plead a Fifth Amendment claim.

### III. Roberson has not alleged sufficient facts to plead a municipal-liability theory against the police department.

The United States Supreme Court recognized in the case of *Monell v. Department of Social Services* that a municipal government can be held liable for a deprivation of a federal right under § 1983 for constitutional injuries resulting from "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."[19] An entity like the Henderson Police Department cannot be held vicariously

---

But I cannot consider them on this motion to dismiss because they are not part of his original complaint. If Roberson chooses to file an amended complaint, he must include in it all claims, defendants, and factual allegations that he wishes to pursue in this action, so he should incorporate any of that supplemental information he deems necessary into his amended pleading.

[16] ECF No. 1 at 5.

[17] *Id.*

[18] U.S. Const. amend V.

[19] *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

liable for its employees' actions simply "because it employs someone who is found to have violated a person's constitutional rights"; the plaintiff must show "deliberate action attributable to the [agency] that directly caused a deprivation of federal rights."[20] So, to properly raise a claim against the Henderson Police Department, Roberson would need to plead facts that show that he was deprived of a constitutional right and that the department caused this violation by its own policy, practice, failure to train, or direct act, rather than by the actions of individual officers. Because Roberson's complaint relies on a single interaction with unnamed Henderson police officers and does not allege facts to show that the police department violated his rights under *Monell*, I dismiss his claims against the department with leave to amend.

### IV. I grant Roberson leave to amend.

If Roberson chooses to file an amended complaint, he is cautioned that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[21] Roberson's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Roberson should use the civil-rights form complaint available at https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner, write the words "First Amended" above the words "Complaint for Violation of Civil Rights" in the caption, and follow the instructions on the form. In each cause of action, he must allege true facts sufficient to show what each defendant did to violate his civil rights. He may also refer to the court's webpage on self-representation at https://www.nvd.uscourts.gov/self-help/representing-yourself-assistance/ or contact the State Bar

---

[20] *Horton,* 915 F.3d at 602–03 (cleaned up).

[21] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that, for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

of Nevada for additional information about resources that may be available. If Roberson chooses to file an amended complaint, he must do so by October 7, 2022. If he does not file an amended complaint by this deadline, this case will be dismissed and closed without further prior notice.

## Conclusion

IT IS THEREFORE ORDERED that the Henderson Police Department's motion to dismiss **[ECF No. 4] is GRANTED**. **Roberson's complaint is DISMISSED without prejudice and with leave to amend by October 7, 2022.** All claims, defendants, and factual allegations that Roberson wishes to pursue in the lawsuit must be included in the amended complaint, which he must title "First Amended Complaint for Violation of Civil Rights." If Roberson does not file an amended complaint by October 7, 2022, this case will be dismissed and closed without further prior notice.

The Clerk of Court is directed to **SEND** Roberson a copy of this court's form civil-rights complaint for non-prisoners.

_____
U.S. District Judge Jennifer A. Dorsey
September 7, 2022