UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Max E. Roberson, | Case No.: 2:22-cv-00541-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Closing Case** |
| Henderson Police Department, | [ECF No. 22] |
| Defendant | |

  Pro se plaintiff Max Roberson sues the Henderson Police Department for various civil-rights violations.  In September, the court granted the department's motion to dismiss because Roberson's pleading was deficient, and the court gave him until October 7, 2022, to file an amended complaint.  The order granting leave warned that, "[i]f Roberson does not file an amended complaint by October 7, 2022, this case will be dismissed and closed without further prior notice."[1]  It also gave Roberson clear instructions about the form that his amended complaint must take.[2]

  Roberson filed two documents in response to that order, both entitled "Order granting dismiss to motion to stay to my amended settlement by November 7, 2022 or order to pay the full settlement within close."[3]  Although the first of these documents includes pages of the court's form complaint, the bulk of these filings is largely incoherent and disjointed, and neither contains causes of actions founded on "true facts sufficient to show what each defendant did to violate his civil rights," as Roberson was instructed.[4]  The department construes these filings as

---

[1] ECF No 19 at 6.
[2] *Id*. at 5–6.
[3] ECF Nos. 20, 21.
[4] ECF No. 19 at 5.

an attempt to file an amended complaint, and it again moves to dismiss Roberson's case for failure to state a claim.[5]

The deadline for Roberson to oppose that motion to dismiss passed on October 31, 2022, and Roberson did not file an opposition or seek an extension of time to do so. Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." I apply Local Rule 7-2(d), deem Roberson's failure to oppose these motions as his consent to granting them, and I grant the motion to dismiss.

Even if I were not granting the motion based on LR 7-2(d), I would grant it on its merits. I liberally construe Roberson's recent filings[6] as his attempt to file an amended complaint. But those filings fall far short of stating any colorable claim. They are disjointed and mostly incoherent. And to the extent that Roberson utilized the court's form, he did not include on that form any of the information that I previously identified as deficient. So Roberson's effort to amend his pleading to state a plausible claim for relief did not reach that goal. And because Roberson's failure or inability to follow the court's instructions on amendment was so substantial, it appears to this jurist that further leave to amend would be futile.

IT IS THEREFORE ORDERED that the motion to dismiss Roberson's amended complaint **[ECF No. 22] is GRANTED**. This case is dismissed for failure to state a claim, and the Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 2, 2022

---

[5] ECF No. 22.
[6] ECF Nos. 20, 21.